UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WILKIN AQUINO,                                  :
               Petitioner,             :
                                                 :       12 CV 4964 (HB)
   - against -                                  :       09 CR 555 (HB)
                                                 :
UNITED STATES OF AMERICA,                       :       **OPINION & ORDER**
               Respondent.             :
------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:[1]**

*Pro se* petitioner Wilkin Aquino seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of 72 months' imprisonment, followed by four years' supervised release. Aquino raises a variety of arguments, chief among which are his claims that the Court lacked jurisdiction in sentencing him. Aquino raises other nonjurisdictional issues, including challenges to the validity of his guilty plea and his agreement to waive his right to appeal any nonjurisdictional defects. For the following reasons, the petition is DENIED.

## BACKGROUND

On October 7, 2009, I denied Aquino's motion to suppress certain evidence obtained as a result of his arrest and search of his residence. *See United States v. Aquino*, No. 09 Cr. 555, 2009 WL 3208877 (S.D.N.Y. Oct. 7, 2009). Familiarity with that Opinion and Order is assumed.

Aquino entered into a written plea agreement with the government on October 13, 2009. Pursuant to 21 U.S.C. §§ 812, 841(a), 841(b)(1)(B), and 846, Aquino pled guilty to conspiring to distribute between 500 grams and 5 kilograms of cocaine. In pleading guilty, Aquino agreed that he would "not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range." (Plea Agreement 4.) That stipulated guidelines range was 87 to 108 months. (*Id.* at 2.) And on February 25, 2010, Aquino was sentenced to 72 months imprisonment to be followed by four years' supervised release. Aquino is currently serving his sentence.

---

[1] Lindsay Edelstein, a second-year student at Benjamin N. Cardozo School of Law and a Spring 2013 intern in my Chambers, provided substantial assistance in researching and drafting this opinion.

1

DISCUSSION

A. Waiver of Nonjurisdictional Claims

I need not consider the merits of Aquino's nonjurisdictional claims[2] because Aquino's guilty plea and waiver of his right to collaterally attack his sentence bars consideration of these claims here.  *See Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) (upholding waiver of right to appeal or to petition for habeas corpus).  While such plea agreements are not binding unless they are entered into knowingly, voluntarily, and competently, *United States v. Gomez*, 215 F.3d 315, 318 (2d Cir. 2000), there is no doubt that Aquino's waiver of his right to appeal or file a § 2255 challenge is enforceable.

A waiver of appeal is knowing if "the record 'clearly demonstrates' that . . . the defendant fully understood the potential consequences of his waiver." *United States v. Ready*, 82 F.3d 551, 557 (2d Cir. 1996).  Similarly, "a plea agreement is 'voluntary' if the defendant is neither coerced into signing by threats or violence, nor induced into signing by fraud or improper influence." *Bradley v. United States*, No. 03 Civ. 9063, 2005 WL 2033382, at *3 (S.D.N.Y. Aug. 24, 2005).  These requirements are satisfied "when the court holds a hearing and informs the defendant of the Government's charges against him and the nature of his agreement, and when the defendant states that he understands the consequences of the agreement, including the acknowledgement that he is waiving his right to appeal." *Paredes-Cisnero v. United States*, 869 F. Supp. 2d 402, 405 (S.D.N.Y. 2012).

Here, Aquino expressly agreed to waive his right to appeal during his allocution:

Q:  Do you understand that you have a right to plead not guilty and to persist in that plea of not guilty and to proceed at trial; and, if convicted at trial, you would have a right to appeal that verdict?  You are giving that right up.  Do you understand that?

A:  Yes, I understand, sir.

(Plea Tr. 6:6–11.)  Similarly, Aquino agreed to the government's description of the plea agreement he had entered.  That written agreement also included an appeals waiver indicating that "if the defendant is sentenced to a period of incarceration which is within the stipulated

---

[2] These nonjurisdictional claims include the legality of the search of Aquino's vehicle, whether the arresting officers falsified records or testimony before the grand jury, whether the Court should have suppressed certain evidence, whether Aquino's sentence was excessive, due process violations for "selling Aquino's[ ] bonds after he was convicted," and multiple arguments that Aquino is exempt from federal criminal law as a "common law citizen." (Pet. i–iii.)

guidelines range or below, the defendant waives his right to appeal the sentence." (Plea Tr. 9:12–17, 9:25–10:4.) Further, Aquino acknowledged that his guilty plea was voluntary:

> Q: Have you been induced to offer to plead guilty by any kind of fear or pressure or threat or force of any kind?
>
> A: No.
>
> …
>
> Q: So is it fair to say, Mr. Aquino, that your offering to plead guilty is voluntary and is made of your own free will and because you are in fact guilty?
>
> A: Yes.

(Plea Tr. 12:7–10; 13:9–12.) Following this allocution, the Court sentenced Aquino to 72 months' imprisonment followed by four years' supervised release—well below the stipulated guidelines range of 87 to 108 months. Accordingly, as Aquino entered into the plea agreement knowingly and voluntarily, Aquino's waiver of his right to appeal bars the nonjurisdictional arguments he presses here.

**B. Jurisdictional Claims**

Although Aquino thus waived his right to appeal or collaterally attack his sentence, he also raises a number of jurisdictional challenges. Further, Aquino challenges the constitutionality of § 846 and whether that statute was properly enacted. And indeed, Aquino's waiver here does not bar his jurisdictional arguments. *See Morales v. United States*, No. 09 Civ. 5080, 2010 WL 3431650, at \*3, \*5 (S.D.N.Y. Aug. 31, 2010) (considering merits of jurisdictional claim despite "waiver-of-appeal provision contained in the plea agreement"); *see also United States v. Calderon*, 243 F.3d 587, 590 (2d Cir. 2001) ("It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge, and . . . waives all challenges to the prosecution except those going to the court's jurisdiction." (alteration in original) (quoting *Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987))). But while the government concedes that Aquino's arguments regarding the constitutionality of 21 U.S.C. § 846 are jurisdictional, whether Aquino waived his constitutional arguments is unclear. Indeed, the Second Circuit has previously held that constitutional challenges to a statute, like nonjurisdictional claims, may be waived. *See United States v. Feliciano*, 223 F.3d 102, 125 (2d Cir. 2000) (challenge of statute's constitutionality was waived); *see also United States v. Baucum*, 80 F.3d 539, 541 (D.C. Cir. 1996) ("[A] belated assertion of a constitutional defect

does not work to divest [a federal] court of its original jurisdiction to try [a defendant] for a violation of the law at issue.").

Nevertheless, even if Aquino's constitutional arguments were not waived, they are meritless. Courts have consistently held that § 846 is a constitutional exercise of Congress' legislative power under the Commerce Clause, and thus Aquino's argument must fail. *Bradley*, 2005 WL 2033382, at *4 (citing *United States v. Genao*, 79 F.3d 1333, 1337 (2d Cir. 1996)). And despite the fact that Congress has not enacted § 846 into "positive law," § 846 is nevertheless a valid federal statute. *See Anderson v. United States*, No. 02 Civ. 1368, 2004 WL 2326386, at *1 (N.D.N.Y. Oct. 13, 2004) ("Congress's failure to enact a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable." (quoting *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985))).

Finally, Aquino argues that this Court lacks jurisdiction because New York and New Jersey are not subject to federal criminal statutes. Alternatively, Aquino argues that jurisdiction is lacking because the government did not follow the procedures outlined in 40 U.S.C. § 3112. These arguments are frivolous. It is well-settled that "[t]he district courts of the United States 'have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.'" *United States v. Drachenberg*, 623 F.3d 122, 124 (2d Cir. 2010) (quoting 18 U.S.C. § 3231). Section 846 is just such a "law[ ] of the United States," and there is no jurisdictional infirmity when it is enforced in New York or New Jersey. Similarly, 40 U.S.C. § 3112 has no bearing on the government's ability to enforce 21 U.S.C. § 846 in federal court. *See, e.g., Piggott v. United States*, No. 00 Civ. 868, 2003 WL 77001, at *2, *5 (S.D.N.Y. Jan. 9, 2003) (dismissing as meritless jurisdictional claims under 40 U.S.C. § 3112).

## CONCLUSION

I have considered the parties' remaining arguments and find them meritless. For the reasons stated above, Aquino's petition for a writ of habeas corpus is DENIED. The Clerk of the Court is instructed to close this motion, close this case, and remove it from my docket.

SO ORDERED.

Date: 5/6/13
New York, New York

HAROLD BAER, JR.
United States District Judge

4